**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000727**
**21-JAN-2020**
**08:02 AM**

NO. CAAP-18-0000727

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


RL, Plaintiff-Appellee, v. DL, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-D NO. 11-1-0477)


MEMORANDUM OPINION
(By:  Leonard, Presiding Judge, Chan and Hiraoka, JJ.)

In this divorce case, Defendant-Appellant DL (**Father**) appeals from two post-decree orders entered by the Family Court of the Second Circuit[1] on August 31, 2018.  The first order awarded to Plaintiff-Appellee RL (**Mother**) a portion of Father's bonus and modified Father's child support obligation.  The second order awarded attorney fees to Mother.  We hold that the family court correctly awarded Mother twenty percent of Father's 2017 "retention bonus," but erred by also including the amount of that bonus when calculating Father's income for child support purposes and, if income was imputed to Father for child support purposes, by failing to make findings to explain why income was imputed in the amount it was.  We affirm in part and vacate in part the child support order, vacate without prejudice the order awarding Mother attorney fees, and remand this case for the family court to redetermine the parties' child support obligations and any appropriate motion for attorney fees and costs filed by either party.

---

[1]     The Honorable Adrianne N. Heely presided.

## Procedural History

Father and Mother are divorced. Their divorce decree was entered on July 27, 2012. They were awarded joint legal and physical custody of their three minor children (collectively, the **Children**). At that time, Father's monthly gross income was $11,667 (about $140,000 per year) and Mother's monthly gross income was $5,127 (about $61,000 per year). Father was to pay child support of $2,445 per month until June 1, 2013, after which the child support payments were reduced to $1,150 per month based upon an equal time-sharing calculation. Father received a credit because the Children were covered under his health insurance plan. In addition, the divorce decree provided in relevant part:

> Additional Child Support. In addition to the regular monthly child support, [Father] shall pay to [Mother] a sum equal to twenty percent (20%) of any gross cash bonus that he receives from his current employer . . . or any future employer. Within thirty (30) days of receipt of any cash bonus, [Father] shall pay twenty percent (20%) of said bonus as additional child support, and deposit the amount owed under this provision into an account designated by [Mother]. At the same time, [Father] shall provide to [Mother] documentation verifying the amount of the cash bonus received. [Father] shall also transfer to [Mother] twenty percent (20%) of any restricted shares or other stock payable to him as part of his annual bonus. Any stock options awarded to [Father] as part of a compensation package shall not be included as additional child support.
>
> For so long as [Father] is paying twenty percent (20%) of his cash bonus and restricted shares as additional child support, his cash bonus, restricted shares, and stock options shall not be considered as income for child support guideline purposes. . . .
>
> Any request to review or modify monthly child support shall also require a review of this "Additional Child Support Provision."

Father was vice president and controller of a large company. In 2016 he received a salary of $144,200. On December 30, 2016, he lost his job when his employer ceased operations. On February 9, 2018, a self-represented Father filed a motion for modification of his child support obligation. On July 6, 2018, Mother (through counsel) filed a motion seeking enforcement of the divorce decree. An evidentiary hearing on

both motions was held on July 31, 2018.  After the hearing was concluded Mother filed a motion for attorney fees, costs, and expenses.

On August 31, 2018, the family court entered an order granting in part and denying in part Father's motion and granting in part Mother's motion to enforce the divorce decree (**Child Support Order**).  This appeal involves the following provisions of the order:

> Modification of Child Support: [Father] shall pay child support to [Mother] as and for the support of the parties [sic] minor children in the amount of $1,889.00 per month, $619.67 per child pursuant to the child support guidelines worksheet attached hereto as Exhibit "A" effective as of the date of the evidentiary hearing.  [Mother] shall receive the health insurance credit for her payment of medical insurance premiums for the children in the amount of $209.00 as reflected on Exhibit "A".
>
> . . . .
>
> Additional Child Support: [Mother]'s request to receive 20% of [Father]'s retention bonus for 2017 for the total amount of $12,600.00 payable from [Father] to [Mother] is granted. [Father] shall remit payment of $12,600.00 directly to [Mother], per the Divorce Decree [Father] shall pay additional child support within 30 days.

The family court also entered an order awarding attorney fees to Mother.

In this appeal Father contends that the family court erred by (1) awarding Mother twenty percent of what Father characterizes was his 2017 severance pay, (2) denying a downward modification of Father's child support obligation, and (3) awarding Mother her attorney fees, costs, and expenses.

### Standards of Review

> [T]he family court possesses wide discretion in making its decisions and those decision [sic] will not be set aside unless there is a manifest abuse of discretion.  Thus, we will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.

3

Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006) (citation omitted).

The family court's findings of fact are reviewed under the "clearly erroneous" standard. Fisher, 111 Hawai'i at 46, 137 P.3d at 360. A finding of fact is clearly erroneous when the record lacks substantial evidence to support the finding, or despite substantial evidence in support of the finding, we are nonetheless left with a definite and firm conviction that a mistake has been made. Id. "Substantial evidence" is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. Id. In addition, "[i]t is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of evidence; this is the province of the trier of fact." Id. (citation omitted).

The family court's conclusions of law are reviewed de novo, under the right/wrong standard, "and are freely reviewable for their correctness." Fisher, 111 Hawai'i at 46, 137 P.3d at 360 (citation omitted). A conclusion of law that is supported by the trial court's findings of fact and reflects an application of the correct rule of law will not be overturned. Estate of Klink ex rel. Klink v. State, 113 Hawai'i 332, 351, 152 P.3d 504, 523 (2007). But a trial court's label of a finding of fact or a conclusion of law is not determinative of the standard of review. Crosby v. State Dep't of Budget & Fin., 76 Hawai'i 332, 340, 876 P.2d 1300, 1308 (1994). When a conclusion of law presents mixed questions of fact and law, we review it under the "clearly erroneous" standard because the court's conclusions are dependent on the facts and circumstances of each individual case. Klink, 113 Hawai'i at 351, 152 P.3d at 523.

An award of attorney fees is reviewed under the abuse of discretion standard. Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawai'i 92, 105, 176 P.3d 91, 104 (2008).

### Discussion

1. **The family court did not err in awarding twenty percent of Father's 2017 "retention bonus" to Mother.**

The divorce decree provides that "[i]n addition to the regular monthly child support, [Father] shall pay to [Mother] a sum equal to twenty percent (20%) of any gross cash bonus that he receives[.]" Father lost his job on December 30, 2016. On January 13, 2017, Father received $63,000 from his former employer; the remittance advice characterized the payment as a "retention bonus." On January 31, 2017, Father received $35,238.96 from his former employer; the remittance advice characterized the payment as "final severance pay."

Mother's motion to enforce sought, among other things, an award of twenty percent of Father's 2017 tax year "retention bonus." Mother did not seek an award of any portion of Father's $35,238.96 "final severance pay," agreeing that "the severance pay is part of income[.]"

Father did not dispute that he received $63,000, but he characterized the payment as severance pay rather than a bonus. He argued that the "retention bonus" label was just a "bucket on my paystub[.]" He did not introduce any evidence to controvert Mother's trial exhibit 7: a letter to Father from his employer stating that "[y]our final severance pay is $35,238.96," along with the January 31, 2017 remittance advice showing "severance" payment of $35,238.96. The January 31, 2017 remittance advice also shows that Father's total year-to-date earnings were $99,721.80, consisting of the January 13, 2017 retention bonus payment of $63,000, plus the January 31, 2017 severance payment of $35,238.96, plus $1,482.84 for 21.39 hours of vacation.

We conclude that the family court's finding that the $63,000 payment was a "bonus" was supported by substantial evidence; we are not left with a definite or firm conviction that a mistake has been made on that issue. The family court correctly applied the provisions of the divorce decree and

awarded Mother twenty percent of Father's bonus — $12,600. That portion of the Child Support Order is affirmed.

### 2. The family court erred when calculating Father's modified child support obligation.

The family court calculated Father's modified child support obligation based upon Father having "an average amount of $200,000" in income. During the evidentiary hearing Father was shown Mother's trial exhibit 2. He confirmed that in 2017 he received $28,416 in unemployment insurance benefits, $24,058.46 in consulting fees, $59,264.25 withdrawn from his 401k retirement account, and $99,721.80 from his former employer.[2] He agreed that he received a total of $211,460.51 in 2017, but disputed that all of it constituted "income." That number in fact included the $63,000 "retention bonus." Under the terms of the divorce decree:

> For so long as [Father] is paying twenty percent (20%) of his cash bonus and restricted shares as additional child support, his cash bonus, restricted shares, and stock options shall not be considered as income for child support guideline purposes.

(Underscoring added.) It was error for the family court to include the $63,000 "retention bonus" as a component of income for child support guideline purposes.

Father also testified that the only income he received in 2018 was unemployment benefits of $1,184 every two weeks, and that he was enrolled in a program to receive a master's degree in business administration. Also in evidence were Father's interrogatory answers (Mother's trial exhibit 1) establishing that since December 2016, Father had unsuccessfully applied for more than eight financial and management jobs in Hawai'i, at annual salaries between $55,000 to $125,000, and at least one

---

[2] As previously discussed, the latter amount includes both the "retention bonus" and the "final severance pay," which total $98,238.96, plus a $1,482.84 payment for accrued vacation time.

director of finance job on the mainland that paid $190,000 per year.

The supreme court has explained:

> [I]n determining gross income for calculation of child support, the [Hawai'i Child Support] Guidelines permit the family court to use "imputed income" when "a parent is not employed full-time or is employed below full earning capacity." Haw. State Judiciary, 2010 Hawai'i Child Support Guidelines 23. When the parent is unemployed or under-employed for reasons other than caring for the child, the parent's income may be determined and imputed by the family court according to the parent's "income capacity in the local job market" and "considering both the reasonable needs of the child(ren) and the reasonable work aspirations of the parent." Id.

P.O. v. J.S., 139 Hawai'i 434, 442 n.16, 393 P.3d 986, 994 n.16 (2017). When the family court imputes income to a parent, it must make findings to explain why income was imputed. See I.S. v. P.S., CAAP-10-0000082, 2013 WL 4458889, at *7 (Haw. App. Aug. 21, 2013) (mem.) (remanding issue of father's child support payments because family court made no findings as to why it imputed a certain amount of income to father, did not indicate the reasons for husband's limitation to full-time employment or full earning capacity, and did not suggest or find that husband was purposely not seeking work). In this case, the family court appears to have imputed income to Father, but it did not make specific findings about why, or about how much income was to be imputed, and the $200,000 amount imputed does not appear to bear any relation to Father's "income capacity in the local job market." P.O. v. J.S., 139 Hawai'i at 442 n.16, 393 P.3d at 994 n.16. The portion of the Child Support Order modifying Father's monthly child support obligation is vacated; on remand, the family court should redetermine Father's child support obligation, if any, and if income is imputed to Father, the family court should make findings to explain why income was imputed in the amount it was.

3.  **The family court's attorney fee order is vacated without prejudice.**

Because we are partially vacating the Child Support Order and remanding this case for a redetermination of child support, we vacate the family court's August 31, 2018 "Order Granting Non-Hearing Motion for Request for Attorney Fees, Costs, and Expenses" without prejudice to an appropriate motion for attorney fees and costs being filed by any party at the appropriate time.

DATED:  Honolulu, Hawaiʻi, January 21, 2020

On the briefs:

Peter Van Name Esser,
for Plaintiff-Appellee.

Rebecca A. Copeland,
for Defendant-Appellant.

Presiding Judge

Associate Judge

Keith K. Hiraoka

Associate Judge